## *Woodson vs. Buford.*

Error to the Lincoln Circuit; JOHN L. BRIDGES Judge.

*Evidence. Land warrants. Patents.*

Judge MILLS delivered the opinion of the court.

THIS is an action of ejectment, and a verdict and judgment was rendered for the plaintiff below.

On the trial, the lessor of the plaintiff gave in evidence a patent to himself, dated in 1801, issued by the state of Kentucky, and embracing the land in possession of the defendant.

The defendant gave in evidence another patent for the same quantity, issued by the State of Virginia to the lessor of the plaintiff, dated in 1788, embracing in part the same land covered by the patent given in evidence by the plaintiff, but leaving out that part which was in possession of the defendant. The number of the warrant is recited in both patents, and is precisely the same in both.

The defendant moved the court to instruct the jury that if they believed from any evidence before them, that the patent in the name of the lessor of the plaintiff, read in evidence by the defendant, was founded upon the same warrant for 1000 acres of land, on which the patent read by the plaintiff was founded, and no other, that the warrant was merged in the elder patent, and that the patent read by the plaintiff to the jury, founded on the same warrant, was void and no recovery could be had thereon. This instruction the court refused, and the defendant excepted; and verdict and judgment having

EJECTMENT.

Case 96.

June 21.

Evidence.

Instructions.

WOODSON
vs.
BUFORD.

Identity of
the number of
the warrant
mentioned in
plaintiff's pa-
tent and that
recited in an
elder patent,
produced by
the defendant
for the same
quantity of
other land, is
not evidence
that there
had been two
grants on the
same war-
rants, and for
its entire a-
mount.

Query of the
effect of such
fact, if prov-
ed by compe-
tent evi-
dence.

been rendered against him, he has brought the case to this court.

If it be conceded that the defendant could impeach the grant of the plaintiff, by shewing facts without the face of it, (which is very problematical,) we conceive the court did not err in refusing the instruction asked, because the evidence on which it was asked was wholly insufficient to form a base for the instruction. It scarcely raised a suspicion, that, the lessor of the plaintiff had surveyed his warrant twice, and procured another patent on the second survey, securing to him additional land.

The presumption could not be indulged, that the officers of government would twice survey and patent the same warrant; but the contrary is the fair inference. The two surveys interfere, but for any thing that appears, there were as many entries as surveys, or there was as much land included in one entry as would satisfy both grants. To counteract all these presumptions, there was nothing offered by the defendant, but the simple identity of the number of the warrant, in each patent. If it follows from thence, that both patents are founded on the same warrant how much that warrant contains does not appear. It is not produced. It may contain a quantity equal to, and exceeding the sum of both grants, and the presumption is fair, that such is the fact. If the defendant had showed the warrant, and that it contained 1000 acres only, that there was one entry thereon for the same quantity, and that there were two surveys and patents on the same entry and warrant, each to the amount of the whole entry and warrant, then he would have been in a situation to make the question he has raised. But on the identity of warrant alone, his evidence was insufficient to require an instruction in his favor by the court. There is therefore no error; and judgment is affirmed, with costs.

*Crittenden* for plaintiff; *Haggin* and *Loughborough* for defendants.